IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| Colony Insurance Company, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No.: _____ |
| | ) | |
| v. | ) | |
| | ) | |
| Allied World Assurance Company (U.S.) Inc., | ) | **COMPLAINT** |
| | ) | |
| Defendant. | ) | |

Plaintiff would show unto the Court:

## THE PARTIES

1. Colony Insurance Company ("Colony") is a Nebraska corporation with its principal place of business in Illinois.

2. On knowledge and belief, Defendant Allied World Assurance Company (U.S.) Inc. ("Allied World") is an insurance company and/or corporation organized and existing under the laws of Delaware, with its principal place of business in New York, New York.

## JURISDICTION AND VENUE

3. This is an action brought by Colony against Allied World for Allied World's unreasonable and wrongful failure to timely resolve underlying claims brought by underlying claimants Courtney Potter and Caleb Potter against Shermco Industries, Inc. Upon information and belief, Shermco Industries, Inc. was, at the times relevant to this Complaint, a subsidiary of Shermco Intermediate Holdings, Inc. ("Shermco") and a mutual insured of Allied World and Colony.

4. The Court has personal jurisdiction over Allied World because Allied World has sufficient contacts with the State of North Carolina by conducting business in the State of North

Carolina, by engaging in activities relating to the underlying claim in North Carolina, by issuing policies of insurance in the State of North Carolina, and/or by issuing policies covering interests, operations, and lives in North Carolina.

5. The Court further has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between the Plaintiff and Defendant and the amount in controversy exceeds $75,000. Among other things, Colony seeks recovery in excess of $75,000 due to Allied World's unreasonable failure to act timely and in good faith to settle this matter when it was well within Allied World's power to enable the resolution of this matter with little or no exposure to Colony. Colony further seeks punitive damages, treble damages, and other fees and costs as set forth herein.

6. Venue is proper in the Western District of North Carolina because the accident which gave rise to the underlying claim took place in Gaston County, North Carolina and a substantial part of the events or omissions giving rise to the present claim occurred in Gaston County, North Carolina.

**INSURANCE POLICIES**

7. Upon information and belief, Allied World issued an excess insurance policy, Policy No. 0311-3141, to Shermco for the period from May 1, 2022, to May 1, 2023 (the "Allied World Policy").

8. The Allied World Policy provided liability limits of $5,000,000 for each occurrence and $5,000,000 in the aggregate (the "Allied World Policy").

9. Upon information and belief, a true and accurate copy of the Allied World Policy is in the possession of Allied World.

10. Colony issued commercial excess liability policy EXO4258058 to Shermco, which policy also covered the policy period from May 1, 2022, to May 1, 2023 (the "Colony Policy"). A copy of the Colony Policy is attached as **Exhibit A**.

11. The Colony Policy provided an each occurrence limit of $5,000,000 and an aggregate limit of $5,000,000.

12. As set forth in the Colony Policy's schedule of underlying insurance, the Colony Policy sat excess to the Allied World Policy, requiring that the Allied World Policy's limits be exhausted prior to coverage applying under the Colony Policy.

## UNDERLYING CLAIM

13. Claimants Courtney Potter and Caleb Potter brought claims against Shermco Industries, Inc. and Adam Zachary Bass arising out of an incident that occurred on August 2, 2022, in which a vehicle owned by Shermco Industries, Inc. and operated by Mr. Bass allegedly struck pedestrian Courtney Potter (the "Incident").

14. Mr. Bass was allegedly intoxicated at the time of the Incident and left the scene of the accident.

15. Claimants alleged that Courtney Potter was severely and permanently injured in the collision, which injuries included a severe traumatic brain injury. Claimants further alleged that Mr. Potter was entitled to recover for loss of consortium as a result of the accident. Collectively, Mrs. Potter and Mr. Potter's claims are referred to herein as the "Claims".

16. The Claims were first mediated on or about November 18, 2024, with Allied World's participation. While no settlement was reached on the first day of mediation, the negotiations remained open and Claimants extended a time-limited demand with an expiration date of December 6, 2024.

17. Following the mediation, and prior to the December 6, 2024 deadline, Allied World was strongly advised by multiple parties regarding the underlying risk, the severity of the injuries, and the risks of excess exposure. Allied World was further strongly advised to extend its authority in order to resolve the matter prior to the expiration of the December 6, 2024 deadline.

18. Colony sent Allied World correspondence dated November 25, 2024, and December 4, 2024, emphasizing Allied World's duties, demanding that Allied World resolve the claim, and reserving Colony's rights to seek recovery from Allied World for any amounts Colony may be required to pay due to Allied World's failure to act in good faith.

19. Despite the communications, advice, and information provided by Colony and others, Allied World refused to extend its authority and to take steps to accept the demand prior to December 6, 2024.

20. Had Allied World extended its authority, the claim would have resolved with little or no exposure to Colony.

21. Instead, on or about February 7, 2025, the driver, Mr. Bass, pleaded guilty to DWI. The Claimants immediately increased their demand by approximately 67%, substantially increasing Colony's exposure and the exposure to insurance carriers sitting in excess of even Colony's Policy.

22. During a second mediation on March 11, 2025, despite extensive negotiations, the Claimant's demand remained far in excess of their prior time-limited demand that expired December 6, 2024.

23. At the time that Allied World finally extended its limits, the Claimants' demand far exceeded even Colony's policy limits.

24. As a result of Allied World's failure to extend its limits in relation to the demand that expired December 6, 2024, Colony was involuntarily compelled to extend its full policy limits to resolve the claim.

25. Had Allied World extended its limits prior to the December 6, 2024 demand deadline, Colony would not have had to expend its policy limits.

26. Allied World's acts and omissions are the direct and proximate cause of substantial injuries and damages to Colony.

## FOR A FIRST CAUSE OF ACTION

**(Negligence, Recklessness, Willful and Wanton Conduct)**

27. Colony repeats and reiterates each and every allegation contained in each preceding paragraph of this Complaint, to the extent they are not inconsistent herewith, as though fully set forth herein.

28. As the insurance carrier sitting below Colony's layer of insurance coverage in this matter, Allied World owed certain duties to Colony, including but not limited to:

   a) The duty to act reasonably to protect against excess judgment(s) and exposure(s);

   b) The duty to act reasonably to preserve excess policy limits and benefits;

   c) The duty to exercise diligence, good faith, and/or utmost good faith in handling the claim;

   d) The duty to safeguard the rights and interests of any insurance carriers with policies sitting excess to Allied World's policy;

   e) The duty to sacrifice its own interests to protect the interests of its insured(s) and, by extension, the rights of carriers sitting excess to Allied World's policy; and

   f) Such other duties as may exist under law, contract, and other authority.

29. Allied World negligently, recklessly, willfully, and/or wantonly breached its duties owed to Colony, including by:

   a) Failing to act reasonably to protect against excess judgment(s) and exposure(s), in that Allied World was informed and on notice that settlement prior to expiration of the claimants' time-limited demand was reasonable, proper, and in good faith, and that failure to settle risked substantial exposure to the insured, Colony, and/or others;

   b) Failing to timely, reasonably, and in good faith act to resolve this matter prior to the expiration of claimants' time-limited demand, thereby failing to preserve excess policy limits and benefits;

   c) Failing exercise diligence, good faith, and/or utmost good faith in handling the claim, including in its failure to properly investigate and/or act on the information available to it, including information showing that settlement prior to expiration of the claimants' time-limited demand was reasonable, proper, and in good faith;

   d) Failing safeguard the rights and interests of any insurance carrier(s) with policies sitting excess to Allied World's policy;

   e) Failing to sacrifice its own interests to protect the interests of its insured(s) and, by extension, the rights of carriers sitting excess to Allied World's policy; and

   f) By such other failures as may be discovered and set forth during the pendency of this matter.

30. Allied World's acts and/or omissions caused damage to Colony, including but not limited to in the following particulars:

    a) Causing Colony to expend funds to resolve the underlying claim, which funds Colony would not have had to expend had Allied World acted reasonably, properly, in good faith, without negligence, and not in willful disregard of its duties;

    b) Causing Colony to incur costs, expenses, and attorneys fees to protect its interests and the interests of Colony and Allied World's mutual insureds prior to the filing of this suit; and

    c) Causing Colony to incur costs and expenses in seeking to recover the funds it expended and costs and expenses in the bringing of this suit.

31. As a result of Allied World's willful, wanton, reckless, and negligent acts and/or omissions, Colony has been damaged and is entitled to recover $5,000,000, plus pre-judgment interest and any other interest to which Colony may be entitled, costs allowed by law, and all other damages resulting from Allied World's acts and/or omissions, including but not limited to any and all consequential damages, expenses, attorneys fees, and punitive damages.

## FOR A SECOND CAUSE OF ACTION

### (Equitable Subrogation)

32. Colony repeats and reiterates each and every allegation contained in each preceding paragraph of this Complaint, to the extent they are not inconsistent herewith, as though fully set forth herein.

33. Colony has paid funds to indemnify Shermco and Mr. Bass, including funds constituting far in excess of the Colony would have had to pay had Allied World acted properly to

timely resolve this matter. Such excess funds constitute a debt owed by Allied World that was paid by Colony.

34. Colony was not a volunteer because Shermco and Mr. Bass were insureds of both Colony and Allied World; Colony and others timely demanded a resolution of the matter by Allied World; and Allied World refused to reasonably and timely resolve the matter and to otherwise protect the insureds, Colony, and the insurance assets sitting in excess of Allied World's Policy. Colony is further not a volunteer because, as a result of Allied World's failure, Colony had a direct interest in the discharge of the indemnity.

35. Allied World has not reimbursed Colony for funds Colony paid to resolve this matter following Allied World's failure to reasonably and timely resolve the matter.

36. No injustice will be done to Allied World by allowance of Colony's equitable right to subrogation.

37. Colony is entitled to reimbursement from Allied World for all amounts Colony paid to resolve the claims brought by Courtney Potter and Caleb Potter and for attorney's fees and costs in bringing this action and for any other remedy as the Court deems appropriate.

**WHEREFORE**, Plaintiff prays:

(a) That Colony recover from Allied World all damages Colony has incurred as a result of Allied World's willful, wanton, reckless, and negligent acts and/or omissions, including in the amount of $5,000,000, plus pre-judgment interest and any other interest to which Colony may be entitled, any and all consequential damages, and punitive damages;

(b) That Colony be reimbursed from Allied World for all amounts Colony paid to resolve the claims brought by Courtney Potter and Caleb Potter

(c) For all attorney's fees and costs in bringing this action and for any other remedy as the Court deems appropriate.

Respectfully submitted,

**HUBBARD & GOTTSCHALL LAW**

s/ Ashton R. Gottschall
Ashton R. Gottschall
1510 Blue Ridge Blvd.
Suite 205
Seneca, South Carolina
arg@hglawsc.com
(864) 280-9840

Brandon R. Gottschall
William H. Jordan
*Special Appearances Forthcoming*
1320 Main Street, Suite 300
Columbia, South Carolina 29201
brg@hglawsc.com
whj@hglawsc.com
(864) 280-9840

**ATTORNEYS FOR PLAINTIFF
COLONY INSURANCE COMPANY**

June 18, 2025